MILLER, APPELLANT, *v.* GARRETT, AUDITOR, APPELLEE.

[Cite as Miller v. Garrett, Aud., 3 Ohio App. 2d 84.]

(No. 3129—Decided June 23, 1965.)

*Mr. Nelson J. Cobb,* for appellant.
*Mr. Harold E. DeHoff,* for appellee.

*Per Curiam.* This appeal on questions of law relates to the annexation of certain territory to the city of Canton.

The Stark County Commissioners ordered such territory to be annexed. See Chapter 709, Revised Code.

The petition here sought to enjoin such proceedings. See Section 709.07, Revised Code, which provides in pertinent part:

"If * * * *the auditor* * * * of the annexing municipal corporation *receives notice* from *any* person interested that such person has presented a petition to the Court of Common Pleas to enjoin further proceedings, *such auditor* * * * *shall not report* to the legislative authority * * * until after the final hearing and disposition of such petition." (Emphasis added.)

The subject of this appeal is the dismissal of the petition. The entry reads in pertinent part:

"* * * that the plaintiff at no time caused notice to be served on the defendant of the pendency of this action by an interested person, as required by law.

"The court further finds from the statements of counsel that the territory * * * has been annexed * * * and that the subject * * * is now moot."

It has been stipulated here that: (1) the order of dismissal resulted from a pretrial conference; and that (2) the defendant, city auditor, was duly served with summons according to law.

It is our finding that the trial court had no authority to dismiss the petition as a result of a pretrial conference. We note

that no evidence was taken and that the entry of dismissal does not recite that the findings of the court are based upon anything other than the statements of counsel. Such entry of dismissal was therefore contra to statute and contra to the rules of court relating to pretrial conference of which we take judicial notice. Furthermore, the transcript shows that the defendant had filed an answer. Such answer works an estoppel to any judgment or finding without giving to the parties opportunity to present evidence. This was not done.

We come now to the question of the sufficiency of the notice. The statute, Section 709.07, *supra*, does not prescribe any particular form of notice. It seems to be the contention of the defendant that there must be not only *personal notice given to the defendant*, but that the notice must be *personally served by the plaintiff*. It is such technical objections as this that give rise to much criticism that our court rulings are based upon mere technicalities. What better notice can be had than service of summons according to law? Also, the technical objection is made that the plaintiff is not necessarily an interested person. How technical can you be? Who could be more interested than the plaintiff here who seeks by this petition to enjoin this annexation, and who attached a praecipe to her petition specifying and causing personal service upon the defendant. We find that the plaintiff did cause notice to be served upon the defendant; that the notice here served was in substantial and complete compliance with Section 709.07, *supra*.

It has been suggested that the cause became moot, since the defendant went ahead despite the notice of plaintiff's injunction suit and caused steps to be taken which would complete the annexation. We call attention to the plain words of the statute (Section 709.07, Revised Code) which state in substance that after notice the defendant "*shall not*" do anything futher "*until after the final hearing and disposition* of such petition."

By the plain wording of the statute, the defendant was restrained by operation of law. It is, therefore, our opinion that the steps taken after this notice by service of summons were contrary to law and void. We hold that the finding of the court that "the subject involved in plaintiff's petition is now moot" was contrary to law and prejudicial error.

The dismissal of the plaintiff's petition was contrary to

86

law and prejudicial error. (1) The dismissal resulted from a pretrial conference and was not based upon evidence. (2) The dismissal resulted from a finding as to lack of notice which finding was contrary to law. (3) The dismissal resulted from a finding that the subject involved in plaintiff's petition was then moot, which finding was contrary to law.

The dismissal of the plaintiff's petition is reversed and the steps taken after the receipt by the defendant of the notice through the service of summons are voided, and the cause is remanded to the Common Pleas Court with instructions to reinstate the petition and for further proceedings thereon according to law.

*Judgment accordingly.*

RUTHERFORD, P. J., McLAUGHLIN and CORRIGAN, JJ., concur.

CORRIGAN, J., of the Eight Appellate District, sitting by designation in the Fifth Appellate District.